Mr. Justice MacArthur
delivered the opinion of the court:
An objection is taken to the bill of complainant because it is filed by the executor instead of the creditors. The personal assets are exhausted, and the object of the bill is to have the real estate sold and the proceeds applied to the payment of debts. Whether an executor can apply for this relief depends in a great measure upon the language of the will. It reads as follows: “And after my debts and funeral charges are paid, I desire,” &c. It has often been decided that a devise of real estate after payment of debts is a charge on the land. The cases to this effect are reviewed in Fenwick vs. Chapman, 9 Pet., 469, and the Supreme Court recognized and established the doctrine. There can no longer be any doubt that when land in a devise is charged in a previous clause of the will with the payment of debts and funeral charges, they constitute a lien upon the land, and when the personal property is exhausted it becomes equitable assets, and must pass through the hands of the executor before it can be applied to the benefit of creditors. The duty of the executor is then to look to the land in order to carry out the intention of the testator. In the casé already cited the court clearly intimates that, where lands are devised charged with a lien for the payment of debts, the creditors need not be made parties to a bill by the executor for leave to sell the land for that purpose. In such suit the creditors may be allowed to make themselves parties, and may, for good cause shown, have the executor enjoined from selling, except on such terms as will *577 be fair and reasonable; otherwise a court of equity will direct him to carry out the manifest intention of the testator.
The will also contains a clause in the following words: “First, I desire that after my decease a marble monument be put upon my grave, the expense thereof not to exceed one thousand ($1,000) dollars, and that part of my property situated on the. corner of B and Twelfth streets northeast be sold for cash, at public auction, and the proceeds thereof “be applied for that purpose.” This is the same land that is subsequently devised to Patrick Gately. The devise to Mrs. Martin comprised other property, situated on Seventh street. The decree of the court below decided that the cost of the monument was a first lien upon the lot devised to Patrick Gately, and ought to be deducted from the value of the lot in marshaling the assets. We have seen that the debts were charged generally upon the real estate. But the testator afterward directs with great particularity that this lot should be sold at public auction, and the proceeds applied, not in the first instance to the payment of creditors, but to the expense of a monument. This would seem to imply as strongly as any language could, short of an express declaration, that this particular parcel of land was to be sold in the first place to provide the means for carrying out the deceased’s will regarding a monument, and is to this extent a limitation upon the preceding general clause in the will in respect to the payment of his debts. He undoubtedly believed that his real and personal property were more than sufficient in value to satisfy all just claims against his estate. The devise to Mrs. Martin, his sister, was liable to an incumbrance for about the same amount as he imposed upon the lot devised to his brother, and this was probably the reason of that proviso, and he clearly intended that both should be liable in precisely the same extent to the payment of debts upon a deficiency of personal assets. The decree permitting the .devisees to redeem upon paying the proportion named ought to be affirmed.
Humphreys, J.,
expressed himself dubitante on one point, that is, whether any charge ought to be made upon Mrs. Martin’s devise until the exhaustion of the estate specially encumbered by the expense of the monument.